UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OLADAAPO AJIBOLA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 17-3126 |
| | ) | |
| CECIL E. POLLEY, et. al., | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint.  The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Warden Cecil E. Polley, Sergeant Clayton A. Keith, Officer Derek Gutierrez, and Officer Wright violated his constitutional rights at Graham Correctional Center.  Plaintiff says on November 10, 2016, he was called to an Adjustment Committee Hearing on a disciplinary ticket. Plaintiff explained to the committee members that he had not received a copy of the ticket, and therefore he had no notice of the claims against him and could not present a defense.  The Adjustment Committee still considered the ticket and found Plaintiff guilty.

Plaintiff says while Defendant Wright signed a notice indicating Plaintiff had refused to accept a copy of his disciplinary ticket before the hearing, Plaintiff says the document was falsified. Instead, Plaintiff claims he first received the disciplinary ticket two days after the hearing.

Plaintiff has provided a copy of the Adjustment Committee Final Summary Report which notes the ticket was read to Plaintiff during the hearing, he pled not guilty "and Plaintiff "made the following statement: 'I'll say not guilty and play a little game saying I didn't get a copy of my ticket.'"(Comp., Adj. Com. Rept.). Plaintiff was found guilty of intimidate or threats, insolence and disobeying a direct order. As a result, he received three months of "grade status, segregation time, commissary and visitation restrictions, and a disciplinary transfer. (Comp., Adj. Com. Rept.). Plaintiff alleges he spent 61 days in segregation. When he complained to the Warden about the procedures, the Defendant made a derogatory comment and said there was nothing more he could do.

A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded were constitutionally deficient. *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir.1994). In this case, Plaintiff has not alleged the Defendants interfered with a liberty or property interest. For instance, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions ... constitute an 'atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life.'" *Thomas v Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) *quoting Sandin*

*v Conner,* 515 U.S. 472, 484 (1995); *see also See Urias-Urias v Youell*, 2006 WL 1120434 at 2

(C.D.Ill. April 26, 2006)("The Eighth Amendment to the constitution prohibits 'cruel and

unusual punishment,' but segregation alone is generally not considered cruel and

unusual punishment.").   The Seventh Circuit Court of Appeals has further noted "an

inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent,"

and terms of segregated confinement of six months or less generally do not violate due

process.  *Marion v Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)(collecting cases);

*see also Lekas v Briley*, 405 F.3d 602, 612 (7th Cir. 2005)(90 days in disciplinary segregation

did not violate due process); *Hoskins v Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005)(60

days in disciplinary segregation did not violate due process).

    In addition, none of the other disciplined imposed by the Adjustment Committee

involves a liberty or property interest. *See Moore v. Pemberton*, 110 F.3d 22, 23 (7th

Cir.1997) (two weeks denial of commissary privileges does not implicate liberty

interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (30 days denial of

commissary does not create a liberty interest); *Whitford v Boglino*, 63 F.3d 527, 533 FN. 7

(demotion to C-grade for six months does not implicate federal due process rights).

Therefore, Plaintiff cannot demonstrate the first prong of a due process claim and

cannot demonstrate a violation of his constitutional rights.

    IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [4, 7, 8 ].

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 21st day of September, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE